UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BISHME SMITH and PARIS SMITH,

                                **Plaintiffs,**

   vs.                                                                 5:22-CV-1202
                                                                              (MAD/ML)

HOLLEY DAVIS; TERESA JOHNSON;
JULIE RICHARDSON; STEPHANIE
ALBERT; PRESERVATION MGMT.,
INC.; COLD BLACK RIVER L.P.; and
KELLEY CANNON,

                                **Defendants.**
_____

APPEARANCES:                                                         OF COUNSEL:

BISHME SMITH
PARIS SMITH
968 Bradley Street, Unit 159
Watertown, New York 13601
Plaintiffs, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     *Pro se* Plaintiffs commenced this action on November 15, 2022 in the form of a civil rights complaint alleging Defendants Holley Davis, Teresa Johnson, Julie Richardson, Stephanie Albert, Kelley Canon, Cold Black River L.P., and Preservation Management Inc. ("PMI")[1] (collectively "Defendants"), who own and manage the apartment complex in which the Plaintiffs live, have subjected them to discrimination, retaliation, hostile housing environment, intentional infliction of emotional distress ("IIED"), and breach of contract. Dkt. No. 1. On the same day,

---

[1] Hereinafter "Defendants PMI" refers to Defendants Preservation Management Inc., Cold Black River L.P., Davis, Johnson, Richardson, and Albert.

1

Plaintiffs moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 2, 3.

Plaintiffs submitted a pre-motion letter on January 4, 2023, requesting a pre-motion conference seeking leave to file a Motion for Preliminary Injunction and/or Temporary Restraining Order under Federal Rule of Civil Procedure 65. Dkt. No. 7.

In an Order and Report-Recommendation issued on March 28, 2023, Magistrate Judge Lovric granted Plaintiffs' motion to proceed IFP and recommended that Plaintiffs' claims be accepted for filing and that an answer be required by the Court as to Plaintiffs' claims of retaliation, aiding and abetting violations of New York State Human Rights Law ("NYSHRL"), and breach of contract against Defendants PMI, dismissed without prejudice as to Plaintiffs' claims of discrimination, hostile housing environment, and IIED against all Defendants, and dismissed with prejudice as to Plaintiffs' claims against Defendants Davis, Johnson, Richardson, Albert, and Cannon. Dkt. No. 8. Neither party has objected to the Order and Report-Recommendation.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Lovric correctly determined that the complaint should be accepted in part for filing, dismissed in part with leave to replead, and dismissed in part without leave to replead.

As to Plaintiffs' discrimination claims under 42 U.S.C. §§ 1981 and 1982, Magistrate Judge Lovric correctly found the claims should be dismissed with leave to replead for failure to state a claim upon which relief may be granted.  Magistrate Judge Lovric correctly found Plaintiffs failed to allege facts plausibly suggesting Defendants acted with racially discriminatory intent necessary to establish a claim of discrimination because "the abundance of other possible reasons for [Defendants' actions] combined with the lack of any specific factual support for [Plaintiffs'] claim of racial motivation illustrates that [their] claim[s] here are simple 'naked allegation[s]' of racial discrimination." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994) (quoting *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (*en banc*)).

As to Plaintiffs' discrimination claim pursuant to Section 504 of the Rehabilitation Act of 1973 against Defendant PMI, Magistrate Judge Lovric correctly found the claim should be dismissed. A *prima facie* violation of Section 504 requires facts sufficient to establish that a plaintiff is a qualified individual with a disability, discriminated against by a public entity, and that such discrimination was due to the plaintiffs' disability. *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016). Here, Magistrate Judge Lovric correctly found Plaintiffs failed to allege facts plausibly suggesting they are disabled within the meaning of the Rehabilitation Act, or that Defendant PMI discriminated against Plaintiffs because of their disability or perceived disability. *See* Dkt. No. 1. Magistrate Judge Lovric further correctly found Plaintiffs' discrimination claim against Defendants Davis, Johnson, Richardson, and Albert should be dismissed with prejudice because individuals cannot be held liable under the Rehabilitation Act. *Burris v. Hous. And Servs. Inc.*, No. 17-CV-9289, 2019 WL 1244494, *5 (S.D.N.Y. Mar. 18, 2019).

As to Plaintiffs' discrimination claim against Defendant PMI pursuant to Title VI of the Civil Rights Act of 1964, Magistrate Judge Lovric correctly found the claim should be dismissed because Plaintiffs failed to allege facts plausibly suggesting they were discriminated against based on race. *See Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 235 (2d Cir. 2002) ("Even if [the plaintiff's] highly dubious claim that he was unfairly singled out for punishment by the instructors is credited, [he] has done little more than cite to his alleged mistreatment and ask the court to conclude that is must have been related to his race"). Magistrate Judge Lovric further correctly recommended Plaintiffs' Title VI claim against Defendants Davis, Johnson, Richardson, and Albert be dismissed with prejudice because Title VI does not provide for individual liability.

*Bayon v. State Univ. of N.Y. at Buffalo*, No. 98-CV-0578, 2001 WL 135817, *2 (W.D.N.Y. Feb. 15, 2001).

As to Plaintiffs' claims pursuant to the FHA, Magistrate Judge Lovric correctly found the Court should accept for filing and require an answer to Plaintiffs' claim of retaliation against Defendant PMI. Plaintiffs' complaint alleged (1) they engaged in a protected activity, (2) a reasonable jury could conclude an eviction constituted adverse action, and (3) the allegations were sufficient to establish a causal link for a *prima facie* case of adverse action less than one month after Plaintiffs' participation in such protected activity. *Burris v. Hous. And Servs. Inc.*, No. 17-CV-9289, 2023 WL 1966120, *10-11 (S.D.N.Y. Feb. 13, 2023). However, Magistrate Judge Lovric also correctly found Plaintiffs' discrimination claim should be dismissed because it failed to allege facts plausibly suggesting Plaintiffs are disabled within the meaning of the law, and that Defendants PMI took adverse action under circumstances that may infer discriminatory intent. *Tasfay v. Ramos*, No. 20-CV-5472, 2021 WL 4443303, *2 (S.D.N.Y. Sept. 28, 2021); *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72-73 (2d Cir. 2021). As to the hostile housing environment claim, Magistrate Judge Lovric also correctly found the claim should be dismissed. A plaintiff's claim of hostile housing environment must establish (1) he was subjected to harassment that was sufficiently pervasive and severe to create a hostile housing environment, (2) the harassment was because of the plaintiff's membership in a protected class, and (3) the defendants are responsible for the allegedly harassing conduct towards the plaintiff. *Cain v. Rambert*, No. 13-CV-5807, 2014 WL 2440596 at *5 (E.D.N.Y. May 30, 2014). Magistrate Judge Lovric correctly found the complaint against Defendant PMI failed to allege facts plausibly suggesting Plaintiffs were harassed because of their race or any other protected status to establish a claim of hostile living environment.

As to Plaintiffs' New York State Human Rights Law claims, Magistrate Judge Lovric correctly found Plaintiffs' claim of discrimination should be dismissed since the claim is analyzed under the same framework as the discrimination claims under the FHA. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 80 (2d Cir. 2021) (quoting *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 153 (2d Cir. 2014)). As to Plaintiffs' retaliation claim, Magistrate Judge Lovric correctly found that Plaintiffs alleged Defendants engaged in conduct that was reasonably likely to deter an individual from engaging in a protected activity to state a valid claim of retaliation under the NYSHRL. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Magistrate Judge Lovric further correctly found Plaintiffs' claim of aiding and abetting such retaliation against Defendant PMI should therefore require a response pursuant to New York Executive Law, because the claim of aiding and abetting violations against individual defendants are tied to the primary NYSHRL violations. *See White v. Pacifica Found.*, 973 F. Supp. 2d 363, 378 (S.D.N.Y. 2013) (collecting cases). However, Magistrate Judge Lovric correctly found the claim of aiding and abetting discrimination should be dismissed because it was also recommended that the underlying NYSHRL discrimination claim should be dismissed. *See Ndongo v. Bank of China Ltd.*, No. 22-CV-5896, 2023 WL 2215261, *9 (S.D.N.Y. Feb. 24, 2023) (dismissing the plaintiff's aiding and abetting claims pursuant to N.Y. Exec. Law § 296(6) [b]ecause the Complaint fails to plead an underlying violation).

As to Plaintiffs' claims of retaliation and breach of implied warranty of habitability against Defendant PMI pursuant to New York State Real Property Law, Magistrate Judge Lovric correctly found that a response should be required because Plaintiffs are provided a rebuttable presumption that a landlord is acting in retaliation when the tenant establishes the landlord served a notice to terminate, or instituted an action or proceeding to recover possession within one year

after a complaint was made in good faith. *MKBH Mgmt. LLC v. Strachin*, 72 Misc. 3d 1211(A), *4 (N.Y. City Ct. Mount Vernon July 13, 2021). Furthermore, landlords in any lease agreement have an implied warranty of habitability to ensure tenants are not subject to any conditions endangering or detrimental to their life, health, or safety. *Zar Realty LLC v. Xia*, 77 Misc. 3d 1225(A), *2 (N.Y. New York Cnty. Jan. 9, 2023).

As to Plaintiffs' claim of IIED against Defendants, Magistrate Judge Lovric correctly found the claim should be dismissed for failure to state a claim for which relief may be granted. Magistrate Judge Lovric correctly found the actions alleged in the complaint did not meet the standard of extreme and outrageous conduct necessary to establish a claim of IIED. *See Walther v. Maricopa Int'l Inv., Corp.*, No. 97-CV-4816, 1998 WL 689943, *4 (S.D.N.Y. Sept. 30, 1998); *Torain v. Casey*, No. 16-CV-2682, 2016 WL 6780078, *2 (S.D.N.Y. Sept. 16, 2016).

As to Plaintiffs' breach of contract claim against Defendant PMI, Magistrate Judge Lovric correctly found the Court should accept and require a response to the claim. Plaintiffs plausibly alleged the existence of a contract, performance of obligations pursuant to the contract, breach of such contract, and damages caused by the breach of such contract. *OOCL (USA) Inc. v. Transco Shipping Corp.*, No. 13-CV-5418, 2015 WL 9460565, *4 (S.D.N.Y. Dec. 23, 2015).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiffs' Complaint (Dkt. No. 1) is **ACCEPTED FOR FILING** and requires an answer to the extent that it asserts the following claims: (1) a claim pursuant to the FHA alleging retaliation against Defendants PMI, (2) a claim pursuant to N.Y. Exec. Law §§ 296(6-7) alleging retaliation against Defendants PMI, (3) a claim pursuant to N.Y. Real Prop.

Law § 223-b against Defendants PMI, (4) a claim pursuant to N.Y. Real Prop. Law § 235-b against Defendants PMI, and (5) a claim of breach of contract pursuant to New York common law against Defendants PMI; and the Court further

**ORDERS** that the Plaintiffs' complaint (Dkt. No. 1) is **DISMISS WITH LEAVE TO REPLEAD** to the extent that it asserts the following: (1) a claim pursuant to 42 U.S.C. § 1981 against Defendants, (2) a claim pursuant to 42 U.S.C. § 1982 against Defendants, (3) a claim pursuant to 29 U.S.C. § 794 against Defendants Cold Black River and Preservation; (4) a claim pursuant to 42 U.S.C. § 2000d against Defendants Cold Black River and Preservation; (5) claims pursuant to the FHA against Defendants PMI alleging (a) discrimination, and (b) hostile living environment; (6) a claim pursuant to N.Y. Exec. Law § 296(5-6) to the extent it alleges discrimination against Defendants PMI; and (7) a claim pursuant to New York common law alleging intentional infliction of emotional distress against Defendants; and the Court further

**ORDERS** that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO REPLEAD** to the extent that it alleges claims pursuant to 29 U.S.C. § 794 and 42 U.S.C. § 2000d against Defendants Davis, Johnson, Richardson, and Albert; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with Local Rules.[2]

**IT IS SO ORDERED.**

Dated: July 5 2023
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge

---

[2] Plaintiffs' letter motion is denied as premature. Once Defendants have been served with the Complaint, Plaintiffs may renew their motion if appropriate.