UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BISHME SMITH and PARIS SMITH,

        Plaintiffs,

 vs.             5:22-cv-1202
                  (MAD/ML)
HOLLEY DAVIS; TERESA JOHNSON;
JULIE RICHARDSON; STEPHANIE
ALBERT; PRESERVATION MGMT.,
INC.; and COLD BLACK RIVER L.P.,

        Defendants.

---

**APPEARANCES:**        **OF COUNSEL:**

**BISHME SMITH**
**PARIS SMITH**
10 Centennial Drive
Apt B3
Syracuse, New York 13207
Plaintiffs, *pro se*

**GORDON REES SCULLY**      **TRISTAN SMITH, ESQ.**
**MANSUKHANI, LLP**
One Lincoln Center
Syracuse, New York 13202
Attorney for Defendants Holley
Davis, Teresa Johnson, Julie
Richardson, Stephanie Albert,
and Preservation Management, Inc.

**BOND, SCHOENECK & KING,**    **JAMES P. WRIGHT, JR., ESQ.**
**PLLC**
One Lincoln Center
Syracuse, New York 13202
Attorney for Defendant Cold Black
River L.P.

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

1

## I. INTRODUCTION

On November 15, 2022, *pro se* Plaintiffs Bishme Smith and Paris Smith ("Plaintiffs") commenced this action alleging that Defendants Holley Davis, Teresa Johnson, Julie Richardson, Stephanie Albert, Cold Black River L.P. ("Cold Black River"), and Preservation Management Inc. ("Preservation") (collectively "Defendants"), who own and manage the apartment complex in which Plaintiffs live, have subjected them to discrimination, retaliation, hostile housing environment, intentional infliction of emotional distress, and breach of contract. *See* Dkt. No. 1. Plaintiffs also named Kelly Cannon ("Ms. Cannon"), who was a co-resident of the apartment complex, as a defendant. *See id.* Plaintiffs filed a motion for leave to proceed *in forma pauperis* ("IFP") on November 15, 2022. *See* Dkt. Nos. 2, 3.

On March 28, 2023, Magistrate Judge Lovric granted Plaintiffs' motion to proceed IFP and issued a Report-Recommendation and Order recommending that the Court accept Plaintiffs' complaint in part for filing, dismiss in part with leave to replead, and dismiss in part without leave to replead. *See* Dkt. No. 8. Neither party objected to the Report-Recommendation and Order. On July 5, 2023, the Court issued an order adopting the Report-Recommendation and Order in its entirety and directing the Clerk to terminate Ms. Cannon from the action. *See* Dkt. No. 9.

On October 16, 2023, Defendants Albert, Davis, Johnson, Richardson, and Preservation filed an answer. *See* Dkt. No. 21. On December 18, 2023, Plaintiffs filed an amended complaint. *See* Dkt. No. 42. The allegations set forth in Plaintiffs' amended complaint are generally the same as those included in the original complaint, except that Ms. Cannon, who has since died, is no longer a party to the action. *See generally* Dkt. No. 42.

On April 4, 2024, Magistrate Judge Lovric issued a Report-Recommendation and Order recommending that the Court accept for filing and require an answer to Plaintiffs' amended

complaint to the extent it asserts (1) a claim pursuant to 42 U.S.C. § 1981 against Defendants; (2) a claim pursuant to 42 U.S.C. § 1982 against Defendants; (3) a claim pursuant to 42 U.S.C. § 2000d against Defendants Preservation and Cold Black River; (4) a claim pursuant to the Fair Housing Act ("FHA") alleging discrimination against Defendants; (5) a claim pursuant to the FHA alleging retaliation against Defendants; (6) claims alleging discrimination and retaliation pursuant to N.Y. Exec. Law §§ 296(5-7) against Defendants; (7) a claim pursuant to N.Y. Real Prop. Law § 223-b against Defendants; (8) a claim pursuant to N.Y. Real Prop. Law § 235-b against Defendants; and (9) a claim of breach of contract pursuant to New York common law against Defendants. *See* Dkt. No. 55. The Report-Recommendation and Order further recommended that the Court dismiss without leave to replead Plaintiffs' complaint to the extent that it asserts (1) a claim pursuant to 29 U.S.C. § 794 against Defendants; (2) a claim pursuant to 42 U.S.C. § 2000d against Defendants Davis, Johnson, Richardson, and Albert; (3) a claim pursuant to the FHA against Defendants alleging a hostile living environment; and (4) a claim pursuant to New York common law alleging intentional infliction of emotional distress against Defendants. *See id.* Plaintiffs did not file any objections to the April Report-Recommendation and Order.

Currently before the Court is Magistrate Judge Lovric's Report-Recommendation and Order. As set forth below, the Court finds that Magistrate Judge Lovric correctly determined that the amended complaint should be accepted in part for filing and dismissed in part without leave to replead.

## II. BACKGROUND

3

For a complete recitation of the relevant factual background, the parties are referred to the March 28, 2023, and the April 4, 2024, Report-Recommendation and Orders. *See* Dkt. No. 8 at 2-6, Dkt. No. 55 at 3-4.

### III. DISCUSSION

**A.    Standard of Review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Although the court has the duty to show liberality towards *pro se* litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

When a party declines to file an objection, the court reviews a recommendation for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Since Plaintiffs are proceeding *pro se*, the Court must review their pleadings under a "more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that courts are obligated to

4

"'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely "'because of their lack of legal training.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)). Accordingly, a "document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.    Analysis**

As to Plaintiffs' discrimination claims under 42 U.S.C. §§ 1981 and 1982, Magistrate Judge Lovric correctly determined that the Court should accept for filing and require an answer to Plaintiffs' claims. Plaintiffs allege that Defendants treated Ms. Cannon and her son, both of whom are Caucasian, more leniently than Defendants treated Plaintiff Bishme, who is Black. *See* Dkt. No. 42 at 16, 21. Defendant Albert told Plaintiffs that their lease would not be renewed because of criminal charges against Plaintiff Bishme, which resulted from an altercation with Ms. Cannon, and which had been dropped. *See id.* at 26-27. By contrast, Defendants renewed Ms. Cannon's lease despite her committing lease violations, having active warrants, and being arrested. *See id.* Accordingly, Magistrate Judge Lovric correctly found that Plaintiffs allege facts plausibly suggesting Defendants acted with racially discriminatory intent necessary to establish a claim of discrimination. *See* Dkt. No. 55 at 8.

As to Plaintiffs' claim for discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, Magistrate Judge Lovric correctly found that the claim against Defendants Davis, Johnson, Richardson, and Albert should be dismissed with prejudice because "there is no individual liability at all under . . . the Rehabilitation Act." *Sears-Barnett v. Syracuse*

*Cmty. Health Ctr., Inc.*, 531 F. Supp. 3d 522, 535 (N.D.N.Y. 2021) (citing *Thomas v. New York City Dep't of Educ.*, 938 F. Supp. 2d 334, 354-55 (E.D.N.Y. 2013) (other citations omitted)).

With respect to Plaintiffs' Section 504 claim against Defendants Preservation and Cold Black River, Magistrate Judge Lovric correctly found that the claim should be dismissed for lack of standing. To satisfy the constitutional standing requirements, Plaintiffs must show that they have "'sustained or [are] immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 (1983) (citations omitted). Because "injunctive relief is the only relief available for non-intentional violations of" the Rehabilitation Act, *Forziano v. Independent Grp. Home Living Program, Inc.*, 613 Fed. Appx. 15, 18-19 (2d Cir. 2015) (citing *Powell v. Nat'l Bd. Of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)), the fact that Plaintiffs no longer live at Black River Apartments, in addition to the fact that Ms. Cannon, who they sought to move away from, has since died, precludes them from having an immediate injury as required for standing. *See* Dkt. No. 42 at ¶¶ 11, 69.

Magistrate Judge Lovric correctly found that Plaintiffs' claims against Defendants Davis, Johnson, Richardson, and Albert pursuant to Section 601 of the Title VI of the Civil Rights Act of 1964 must be dismissed with prejudice because "Title VI does not provide for individual liability." *Verdi v. City of New York*, 306 F. Supp. 3d 532, 542 (S.D.N.Y. 2018) (citations omitted).

With respect to Plaintiffs' Title VI claim against Defendants Cold Black River and Preservation, Plaintiffs allege that, based on an arrest, Defendants Cold Black River and Preservation terminated Plaintiffs' lease and did not renew it, and subjected Plaintiffs to exclusion

from participation in and benefits of low-income housing. *See* Dkt. No. 42 at ¶¶ 102-03. Plaintiffs plausibly alleged that they were discriminated against on the basis of race because they were evicted, whereas white tenants, such as Ms. Cannon, who caused multiple noise violations, and another tenant who allegedly "overdosed in March of 2023," committed crimes on the property and violated the lease, were able to renew their leases. *Id.* at ¶ 70. Because "[p]leadings filed by *pro se* litigants must be construed liberally", the Court finds that Magistrate Judge Lovric correctly determined that Plaintiffs' Title VI claim against Defendants Cold Black River and Preservation should be accepted for filing and a response be required. *Perez v. Mason Tenders Dist. Council Tr. Funds*, 742 Fed. Appx. 584 (2d Cir. 2018).

     As to Plaintiffs' discrimination claim pursuant to the FHA, Magistrate Judge Lovric correctly found that the Court should accept for filing and require an answer from all Defendants. Plaintiffs' amended complaint alleged (1) they are members of a protected class of those who have a disability because Plaintiff Bishme is a Black man diagnosed with schizophrenia, manic depression, PTSD, and physical disabilities, and Plaintiff Paris is diagnosed with ADHD, borderline personality disorder, depression, PTSD, and physical disabilities, *see* Dkt. No. 42 at ¶¶ 1, 2, 3, 4, 36; (2) Defendants took adverse action against them by miscalculating their rent and failing to timely recalculate the amount, *see id.* at ¶¶ 16, 19, 21, 23; and (3) at least "minimal support for the proposition" that the adverse action took place under circumstances giving rise to an inference of discrimination. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021); *see also Kalashnikov v. Myfield Lane Homeowners' Ass'n, Inc.*, No. 3:20-CV-1018, 2023 WL 1862763, *10 (D. Conn. Feb. 9, 2023) (citing *DeSouza v. Park W. Apartments, Inc.*, No. 3:15-CV-1668, 2018 WL 2990099, *7 (D. Conn. June 14, 2018)).

As to Plaintiffs' retaliation claim pursuant to the FHA, Magistrate Judge Lovric correctly found the Court should accept for filing and require an answer from all Defendants. At the *prima facie* stage, Plaintiffs have a "de minimis" burden, *see Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002), to show that (1) they engaged in protected activity; (2) the alleged retaliators knew that the plaintiffs were involved in protected activity; (3) an adverse decision or course of action was taken against the plaintiffs; and (4) a causal connection exists between the protected activity and the adverse action. *See Elmowitz v. Exec. Towers at Lido, LLC*, 571 F. Supp. 2d 370, 376 (E.D.N.Y. 2008) (analyzing a retaliation claim under Section 3617 of the FHA). "Proof of causation can be established either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence . . . or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" *Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)).

Plaintiffs alleged they engaged in a protected activity by filing a complaint with HUD's Office of Fair Housing and Equal Opportunity regarding race and disability discrimination. *See* Dkt. No. 42 at ¶ 41. Defendants were aware of the complaint on or about August 23, 2022. *See id.* at ¶ 46. Plaintiffs have sufficiently pleaded an adverse action and causal connection by pleading that they received a retaliatory notice directing them to vacate their apartment at the end of the lease term shortly after filing the FHEO HUD complaint. *See id.* at ¶¶ 47, 52, 53; *see also Burris v. Hous. And Servs. Inc.*, No. 17- CV-9289, 2023 WL 1966120, *10-11 (S.D.N.Y. Feb. 13, 2023) (holding that a plaintiff had sufficiently pleaded an adverse action and causal connection where she had filed a New York State Department of Human Rights complaint against her landlord less than one month before the defendant-landlord initiated eviction proceedings).

As to the hostile housing environment claim, Magistrate Judge Lovric correctly found the claim should be dismissed. *See* Dkt. No. 55 at 14-15. A plaintiff's hostile housing environment claim "must establish (1) she was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile housing environment, (2) the harassment was because of the plaintiff's membership in a protected class, and (3) the defendant[ ] is responsible for the allegedly harassing conduct towards the plaintiff." *Favourite v. 55 Halley St., Inc.*, 381 F. Supp. 3d 266, 277 (S.D.N.Y. 2019) (citing *Cain v. Rambert*, No. 13-CV-5807, 2014 WL 2440596, *5 (E.D.N.Y. May 30, 2014)). Magistrate Judge Lovric correctly found that the amended complaint failed to allege facts plausibly suggesting Plaintiffs were harassed because of their race or any other protected status.

As to the claims pursuant to New York Executive Law §§ 296(5)-(7), Magistrate Judge Lovric correctly found that the Court should accept and require a response to the claims. *See* Dkt. No. 55 at 15-17; *see also Fair Hous. Justice Ctr., Inc. v. Broadway Crescent Realty, Inc.*, No. 10-CV-34, 2011 WL 856095, *9 (S.D.N.Y. Mar. 9, 2011) (analyzing NYSHRL housing discrimination claims "under the same standard as claims arising from the [FHA]").

As to Plaintiffs' claims of retaliation and breach of implied warranty of habitability against Defendant Preservation brought pursuant to the New York State Real Property Law, Magistrate Judge Lovric correctly found that a response should be required because "New York Real Property Law § 235–b provides an implied warranty of habitability in residential leases" which is a condition to tenants' obligation to pay rent, *Szewczuk v. Stellar 117 Garth, LLC*, No. 09-CV-1570, 2012 WL 8141900, *4 (S.D.N.Y. Sept. 4, 2012), and "Section 223-b(5) creates a rebuttable presumption of retaliatory intent if a landlord seeks to evict a tenant following the tenants complaint that the landlord had violated health, safety or other specified laws." *Avila v. 1212*

*Grant Realty, LLC*, No. 18-CV-7851, 2019 WL 4805333, *2 n.2 (S.D.N.Y. Sept. 30, 2019) (citing N.Y. Real Property Law § 223-b(5)).

As to Plaintiffs' claim of intentional infliction of emotional distress against Defendants, Magistrate Judge Lovric correctly found the claim should be dismissed because the amended complaint fails to allege sufficiently egregious conduct necessary to support a claim for intentional infliction of emotional distress. To plausibly allege a claim "to recover damages for intentional infliction of emotional distress, the pleading must allege 'conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community[.]'" *Ratto v. Oliva*, 195 A.D.3d 870, 873 (2d Dep't 2021) (quoting *Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293, 303 (1983)). Magistrate Judge Lovric correctly found that New York courts have repeatedly found that threats of physical violence are not extreme or outrageous conduct for the purposes of intentional infliction of emotional distress claims. *See* Dkt. No. 55 at 19-20 (collecting cases).

As to Plaintiffs' breach of contract claim against Defendant Preservation, Magistrate Judge Lovric correctly found the Court should accept and require a response to the claim. Plaintiffs plausibly alleged the existence of a contract, performance of obligations pursuant to the contract, breach of such contract, and damages caused by the breach of such contract. *See Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004).

Because Plaintiffs have already amended their complaint after the Court's analysis identifying the deficiencies in the complaint, *see* Dkt. No. 42, the Court will not grant Plaintiffs a second chance to amend their claims.

### IV. CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 55) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiffs' amended complaint (Dkt. No. 42) is **ACCEPTED FOR FILING and requires an answer** to the extent that it asserts the following claims: (1) a claim pursuant to 42 U.S.C. § 1981 against Defendants; (2) a claim pursuant to 42 U.S.C. § 1982 against Defendants; (3) a claim pursuant to 42 U.S.C. § 2000d against Defendants Cold Black River and Preservation; (4) claims pursuant to the FHA alleging discrimination against Defendants; (5) claims pursuant to the FHA alleging retaliation against Defendants; (6) a claim pursuant to N.Y. Exec. Law §§ 296(5-7) alleging discrimination and retaliation against Defendants; (7) a claim pursuant to N.Y. Real Prop. Law § 223-b against Defendants; (8) a claim pursuant to N.Y. Real Prop. Law § 235-b against Defendants; and (9) a claim of breach of contract pursuant to New York common law against Defendants; and the Court further

**ORDERS** that the Plaintiffs' amended complaint (Dkt. No. 42) is **DISMISSED WITHOUT LEAVE TO REPLEAD** to the extent that it asserts the following claims: (1) a claim pursuant to 29 U.S.C. § 794 against Defendants; (2) a claim pursuant to 42 U.S.C. § 2000d against Defendants Daavis, Johnson, Richardson, and Albert; (3) claims pursuant to the FHA against Defendants alleging a hostile living environment; and (4) a claim pursuant to New York common law alleging intentional infliction of emotional distress against Defendants; and the Court further

11

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 13, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge